# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE:<br>KENNETH ALLEN NICHOLS<br>And TERRY LYNN NICHOLS<br>    Debtors. | CHAPTER 7<br>BANKRUPTCY NO. 10-02109 |
| KENNETH ALLEN NICHOLS and<br>TERRY LYNN NICHOLS,<br>    Plaintiffs | ADVERSARY NO. |
| Vs. | |
| WELLS FARGO BANK, N.A.,<br>d/b/a WELLS FARGO BANK<br>HOME MORTGAGE,<br>    Defendant | |

## COMPLAINT FOR VIOLATION OF DISCHARGE INJUNCTION

Come now Plaintiffs and for complaint against Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Bank Home Mortgage respectfully state:

### I. Jurisdiction

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(b)(2) and 1334. In addition, the Court has authority to enter appropriate orders, including the imposition of sanctions, pursuant to 11 U.S.C. (hereinafter "Bankruptcy Code") §105.

### II. Parties

2. Plaintiffs are residents of Cedar Rapids, Linn County, Iowa, and are the debtors in the bankruptcy petition filed in the above-referenced court and case number under chapter 7 of the United States Bankruptcy Code on July 28, 2010.

3. Defendant Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage [hereinafter referred to as Wells Fargo] was a listed secured creditor in Plaintiffs' bankruptcy schedules, holding a note secured by a mortgage on Plaintiffs' homestead

located at 4801 Fruitwood Lane N.W., Cedar Rapids, Iowa. Defendant is a banking institution holding and servicing the note secured by Plaintiffs' homestead.

### III. Allegations

4. During administration of the above-referenced bankruptcy, Plaintiffs/Debtors and Wells Fargo negotiated a reaffirmation agreement with respect to the secured note, which reaffirmation agreement was filed with the court on October 8, 2010.

5. Said reaffirmation agreement provided, inter alia, the reaffirmation of the debt in the amount of $128,752.21, with monthly payments in the amount of $1,194.36. The reaffirmation agreement incorporated the terms of the previous credit agreement between the parties.

6. A discharge was granted to Plaintiffs/Debtors by order dated November 10, 2010.

7. Since the filing of their initial bankruptcy petition (July, 2010), since the filing of their reaffirmation agreement (October, 2010), and since the entry of the discharge order (November, 2010), the Plaintiffs have timely paid all payments required under the terms of the reaffirmation agreement and have been in full compliance with the terms of the reaffirmation agreement.

8. From the initial post-petition billing statement (August 17, 2010) and continuing to the present, Wells Fargo has included charges for pre-petition late charges and missed payment (June, 2010), which charges continue to increase, now allegedly totaling in excess of $5,000 claimed overdue. Wells Fargo has, in addition, sent delinquency notices to Plaintiffs, and reported to credit reporting agencies that the debt is in arrears. In June, 2013, Wells Fargo sent a pre-foreclosure notice to Plaintiffs.

9. Plaintiffs, and counsel for Plaintiffs, repeatedly informed Wells Fargo that this accounting was in error, in noncompliance with the reaffirmation agreement, and included pre-petition defaults. At one time Plaintiffs were informed by Wells Fargo that it knew nothing about any reaffirmation agreement.

10. On March 7, 2011, legal counsel for Plaintiffs sent a letter to Wells Fargo advising of the error, enclosing a copy of the reaffirmation agreement – including the signature of Wells Fargo, - and demanding that the attempts to collect pre-petition charges cease. Wells Fargo has continued to seek collection of pre-petition charges.

11. Due to the actions of Wells Fargo, Plaintiffs' credit reports show monthly mortgage loan defaults. Plaintiffs have been denied an auto loan, cannot refinance their home loan in order to reduce the rate of interest, and have suffered economic injury due to the actions of Wells Fargo, which continue unabated, and have suffered emotional distress due to the continual notices and threat of foreclosure.

12. Wells Fargo has violated and continues to violate the provisions of Bankruptcy Code §524(a)(2), which violations are willful, intentional, in utter disregard for the discharge rights of Plaintiffs and the terms of the reaffirmation agreement, and Wells Fargo is in contempt of court.

WHEREFORE, Plaintiffs respectfully pray that the Court find that Wells Fargo Bank, N.A., d/b/a Wells Fargo Home Mortgage, is in contempt of the court, and to impose appropriate sanctions including but not limited to an award of damages to Plaintiffs, assessment against Wells Fargo of the attorney fees and costs incurred by Plaintiffs in relation to this proceeding and related to the acts of Wells Fargo, and for punitive sanctions to be imposed to deter further violations by this creditor or others.

Respectfully submitted,

/s/ R.L. Sole
R. L. SOLE          AT0007503
SOLE & McMANUS, PC
118 Third Avenue SE, Suite 431
Cedar Rapids, IA  52401
(319) 366-4313 fax: (319) 366-0368
smwlaw@qwestoffice.net
ATTORNEY FOR PLAINTIFFS